IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
         v.                   )       2:21cr374-MHT
                              )          (WO)
JOHN FITZGERALD JOHNSON, II   )
```

OPINION AND ORDER

A federal grand jury for the Middle District of
Alabama indicted defendant John Fitzgerald Johnson, II
on one count of conspiring to distribute and to possess
with intent to distribute oxycodone, in violation of 21
U.S.C. § 846.  This cause is now before the court on
Johnson's motions to dismiss the indictment as
time-barred under the statute of limitations and, in
the alternative, for an evidentiary hearing.  For the
reasons that follow, the motions will be denied without
prejudice.

## I. Background

The indictment in this criminal action alleges that: "Beginning on an unknown date and continuing until on or about April 21, 2020, ... the defendant[] JOHN FITZGERALD JOHNSON, II knowingly, intentionally, and willfully conspired, combined, and agreed ... with others ... to distribute and to possess with intent to distribute, oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).  All in violation of Title 21, United States Code, Section 846."  Indictment (Doc. 1) at 1.

The statute of limitations for a charge of conspiracy to violate 21 U.S.C. § 841(a) is set forth in 18 U.S.C. § 3282(a), which provides, in relevant part, that, "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found ... within five years next after such offense shall have been committed."  *See also*

*United States v. Mosquera*, 95 F.3d 1012, 1248 (11th Cir. 2001).

"A defendant who withdraws [from a conspiracy] outside the relevant statute-of-limitations period has a complete defense to prosecution." *Smith v. United States*, 568 U.S. 106, 107 (2013). To establish his withdrawal, the defendant must prove, by a preponderance of the evidence, "that he undertook affirmative steps, inconsistent with the objectives of the conspiracy, to disavow or to defeat the conspiratorial objectives, and either communicated those acts in a manner reasonably calculated to reach his co-conspirators or disclosed the illegal scheme to law enforcement authorities." *United States v. Bergman*, 852 F.3d 1046, 1061-62 (11th Cir. 2017) (quoting *United States v. Finestone*, 816 F.2d 583, 589 (11th Cir. 1987)) (emphasis omitted).

## II. Discussion

Johnson has moved to dismiss the indictment against him under Federal Rule of Criminal Procedure 12(b), *see* Defendant's Reply (Doc. 149) at 1, which rule allows a party to raise "by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." He has also moved, in the alternative, for an evidentiary hearing. He asserts that he withdrew from the charged conspiracy more than five years before his indictment and that his prosecution is therefore barred by the statute of limitations. Specifically, he alleges that he ceased participating in the charged conspiracy and "expressed to all the individuals that he had any dealings with that he was no longer involved [in the conspiracy]," all on or around January 11, 2015. Amended Motion to Dismiss (Doc. 148) at 2; *see also id.* at 5-6. If true, these allegations may suffice to establish Johnson's withdrawal. *See, e.g.*, *Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 839 (11th Cir.

**4**

1999); *United States v. Arias*, 431 F.3d 1327, 1341-42 (11th Cir. 2005).

Before deciding whether to grant Johnson's motions, however, the court must first determine whether it may consider at this stage of the litigation Johnson's defense that his prosecution is time-barred. The government argues that it cannot. The government construes Johnson's defense as an attack on the sufficiency of the evidence against him, and, in light of the rule that "[t]here is no summary judgment procedure in criminal cases," asserts that the statute-of-limitations issue must be decided by the jury at trial. *See* Government's Response (Doc. 144) at 5-6 (quoting *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)); *see also id.* at 2-3 (citing *United States v. Salman*, 378 F.3d 1266, 1268 n.5 (11th Cir. 2004) ("[T]here is currently no authority within the Federal Rules of Criminal Procedure for granting a motion to dismiss predicated on the insufficiency of the evidence, whether it be based in fact or law.")).

Johnson's defense that his prosecution is time-barred because he withdrew from the conspiracy more than five years before his indictment, however, is not an attack on the sufficiency of the evidence against him. As the Supreme Court has explained, "[c]omission of the crime *within the statute-of-limitations period* is not an element of the conspiracy offense." *Smith*, 568 U.S. at 112 (emphasis in original). Therefore, while withdrawal "starts the clock running on the time within which the defendant may be prosecuted, and provides a complete defense when the withdrawal occurs beyond the applicable statute-of-limitations period," it does not "establish[] the defendant's innocence." *Id.* at 111. Rather, the defense "reflects a policy judgment by the legislature that the lapse of time may render criminal acts ill suited for prosecution." *Id.* at 112.

Because a statute-of-limitations defense does not "call the criminality of the defendant's conduct into question," *id.*, it generally does not go to the merits

6

of the charges against him, and may be considered by the court at the motion-to-dismiss stage under Rule 12(b), *see United States v. Grimmett*, 150 F.3d 958, 961 (8th Cir. 1998). The advisory committee notes recognize as much. *See* Fed. R. Crim. P. 12 advisory committee's note to subdivision (b)(1) and (2) ("In the ... group of objections and defenses [that] the defendant at his option may raise by motion before trial, are included all defenses and objections which are capable of determination without a trial of the general issue. They include such matters as former jeopardy, former conviction, former acquittal, *statute of limitations*, immunity, lack of jurisdiction, failure of indictment or information to state an offense, etc.") (emphasis added).

Furthermore, the Eleventh Circuit Court of Appeals has found that a district court may resolve a statute-of-limitations defense on a pretrial motion to dismiss regardless of whether doing so requires it to make findings of fact. In *United States v. Coia*, 719

F.2d 1120 (11th Cir. 1983), the government appealed the district court's dismissal on the statute-of-limitations ground of an indictment charging a racketeering conspiracy. The district court had dismissed the indictment, despite the fact that it "alleged that the conspiracy continued well into the limitations period," 719 F.2d at 1124, based, in part, on its determination that the only overt act alleged in the indictment that fell within the statute-of-limitations period could not constitute an overt act in furtherance of the conspiracy, *see id.* at 1122. The government challenged the district court's authority to make such a determination at the motion-to-dismiss stage, arguing that "the district court erred in resolving prior to trial the factual issue of whether the conspiracy continued into the statute of limitations period as alleged in the indictment." *Id.* Although the Eleventh Circuit ultimately reversed, it rejected the government's argument as to the district court's ability to resolve

the statute-of-limitations issue prior to trial,
explaining its reasoning as follows:

> "[R]ules 12(a) & (b) ... grant the defendant
> the right to make certain motions prior to
> trial. The advisory committee notes to rule
> 12(b) (subdivisions (1) & (2)) list, among
> other things, insufficiency of the indictment
> under the applicable statute of limitations as
> specifically capable of determinations prior to
> trial. Rule 12[d] requires that the court make
> a pretrial determination on these pretrial
> motions unless there is good cause not to do
> so. Rule 12[d] further states that '[w]here
> factual issues are involved in determining a
> motion, the court shall state its essential
> findings on the record.' This clearly
> indicates that findings of fact as well as of
> law are within the province of the district
> court to make in pretrial proceedings.

> "Therefore, in this case, we need not explore
> whether the district judge's determination that
> [the only overt act alleged in the indictment
> that fell within the statute-of-limitations
> period] could not constitute an overt act in
> furtherance of the conspiracy was one of law or
> a combination of law and fact. Either
> determination was permitted, indeed mandated,
> by the Federal Rules of Criminal Procedure."

*Id.* at 1123. *See also United States v. Craft*, 105 F.3d
1123, 1126-27 (6th Cir. 1997); Fed. R. Crim. P. 12
advisory committee's note to subdivision (b)(4)
(explaining that a district court, in resolving Rule 12

motions, may "determine issues of fact in such manner as [it] deems appropriate").

By the same logic, it could be argued that a district court may, at least in certain cases, consider on a pretrial motion to dismiss a statute-of-limitations defense predicated on the defendant's withdrawal from a conspiracy, even where the indictment alleges that the conspiracy continued into the statute-of-limitations period, and where the court is required to determine whether the defendant did, in fact, withdraw. *See, e.g.*, *Grimmett*, 150 F.3d at 961-62.

In other cases, though, the court may, and indeed should, defer ruling on a such a motion for good cause "if facts at trial will be relevant to the court's decision." *United States v. Adkinson*, 135 F.3d 1363, 1369 n.11 (11th Cir. 1998). *See, e.g.*, *Grimmett*, 150 F.3d at 961-62; *United States v. Levine*, 905 F. Supp. 1025, 1034 (M.D. Fla. 1995) (Moore, C.J.) (denying motion to dismiss where record evidence belied the

defendant's assertion that he withdrew from the charged conspiracy; finding it "more appropriate for the jury to determine the scope and duration of the conspiracy as well as whether the Defendant withdrew from the conspiracy [when he said he did]"); *see also Coia*, 719 F.2d at 1125; *United States v. Sampson*, 898 F.3d 270, 279-82 (2d Cir. 2018); *United States v. Wilson*, 26 F.3d 142, 158-60 (D.C. Cir. 1994).

Here, the court could not say, on the basis of the briefing alone, whether facts at trial would be relevant to its decision, because the government had not indicated whether it had any evidence to contradict Johnson's allegations concerning his withdrawal, let alone what that evidence might be.  The court therefore held oral argument on Johnson's motions, at which the government represented that it intends to call a witness at trial who will testify that Johnson did not leave the charged conspiracy voluntarily.  If true, such evidence might negate Johnson's withdrawal and

statute-of-limitations defenses. *See United States v.*
*Bergman*, 852 F.3d 1046, 1063-65 (11th Cir. 2017).

Because, the court believes that the question
whether Johnson withdrew from the conspiracy prior to
the five-year statute-of-limitations period would
likely turn not only on the simple question of whether
to believe Johnson or the government witness but also
likely turn on conceivably disputed background facts as
to the conspiracy's details (its length (including its
beginning), breadth, and membership) as well as details
about the length, depth and breadth of Johnson's
alleged participation in the conspiracy, the court
finds good cause in this case to defer resolution of
Johnson's statute-of-limitations defense to the jury.
In short, in determining whether to credit Johnson's
defense (in particular, whether to believe his
testimony as opposed to that of a government witness)
the full and detailed factual context (facts which the
jury would likely hear regardless as to the defense)
would likely matter. In the exercise of its

discretion, the court will therefore deny Johnson's motions without prejudice. In doing so, however, it casts no aspersions on the possibility that Johnson will persuade the jury that he did, in fact, withdraw from the charged conspiracy in 2015.


***

It is therefore ORDERED that defendant John Fitzgerald Johnson, II's motions to dismiss (Doc. 118 and Doc. 148) are denied without prejudice.

DONE, this the 13th day of January, 2022.

<u>    /s/ Myron H. Thompson    </u>
UNITED STATES DISTRICT JUDGE

13